**SO ORDERED.**

**SIGNED this 03 day of January, 2013.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

EVERETT HAROLD FIFIELD, III,    CHAPTER 13
CAROLYN E. FIFIELD,             CASE NO. 12-00894-8-RDD

    DEBTORS

### ORDER SUSTAINING DEBTORS' OBJECTION TO PROOF OF CLAIM OF WATERSIDE VILLAGES OF CURRITUCK

Pending before the Court is the Objection to Claim (the "Objection") filed by Everett Harold Fifield, III and Carolyn E. Fifield (the "Debtors") on August 27, 2012, and the Response to Objection to Claim (the "Response") filed by Waterside Villages of Currituck Community Assoc., Inc. (the "Waterside Villages") on September 26, 2012. The Court conducted a hearing on the Objection and Response in Wilson, North Carolina on November 27, 2012.

### BACKGROUND

The Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on February 3, 2012. The Debtors previously owned twenty-six (26)[1] lots within the Waterside

---

[1] At the hearing, the male debtor testified that the Debtors owned thirty (30) lots rather than twenty-six (26). The male debtor testified that at one point the developer of the property, VOC, LLC, purchased one of the lots from the Debtors, but in exchange gave the Debtors back a different lot. Counsel for Waterside Villages stated the records of Waterside Villages show the

Villages subdivision secured by a deed of trust in favor of the Bank of Currituck. The Bank of Currituck subsequently foreclosed on the deed of trust and on July 29, 2009, a Trustee's deed was recorded in the Currituck Register of Deeds in Book 1097, Page 116 transferring Debtors' property to the Bank of Currituck. The Waterside Villages filed Proof of Claim No. 1-1 ("POC 1") in the amount of $77,844.00 based on association dues owed on the foreclosed property in the Waterside Villages subdivision.

The Debtors object to POC 1 and contend that for a substantial number of months prior to the foreclosure of the deed of trust to Bank of Currituck, access to the subdivision was restricted to the Debtors and others by Wachovia Bank which had foreclosed on the developer, VOC, LLC on July 2, 2008.[2] The Debtors allege that this prevented them from being able to market the lots which they owned. Further, the Debtors contend that Waterside Villages did very little to maintain the properties or to provide other services for which dues and assessments were to be paid.

At the hearing on November 27, 2012, Waterside Villages acknowledged the claim amount was miscalculated and verbally amended the claim. Counsel for Waterside Villages stated the amended claim should be unsecured in the amount of $65,520.00, representing association dues and late fees on the twenty-six (26) lots from December 31, 2007, until the Trustee's deed was recorded on July 29, 2009.

At the hearing, the male debtor testified that when they contracted to purchase the lots from the developer VOC, LLC, the contract to purchase provided that VOC, LLC would be responsible

---

Debtors owned twenty-six (26) lots. For purposes of determining the amount of claim, the Court will assume the Debtors owned twenty-six (26) lots.

[2]The Objection states Wachovia Bank foreclosed on the developer, VOC, LLC on November 6, 2008. At the hearing counsel for the Debtors stated that the Trustee's Deed from Trustee, Inc. (the Trustee for Wachovia Bank), shows the Deed was recorded on July 2, 2008.

2

for the homeowners' association fees and assessments and that the Debtors would not be responsible for these payments. The male debtor did not have any records as to whether VOC, LLC, actually paid the homeowners' association fees and assessments. Further, the male debtor testified, that their contract provided that VOC, LLC, was to buy back lots from the Debtor on a schedule over a two-year period of time. It was the male debtor's understanding that VOC, LLC had control over the homeowners' association until it sold a certain percentage of lots. He testified that prior to Wachovia Bank foreclosing on VOC, LLC, the Debtors received a few homeowners' association fee bills, but that VOC, LLC assured them that they should not be getting the bills and that VOC, LLC would take care of them. Once VOC, LLC was foreclosed upon, the male debtor represented that they started receiving more bills. The male debtor testified that when Wachovia foreclosed on the subdivision, they had to start making efforts to market their property to the public. Wachovia put up a gate at the entrance of the subdivision making it difficult for any potential buyers to view the property. Further, the male debtor testified that the subdivision was not maintained, making it unattractive to potential buyers.

## DISCUSSION

Section 502 of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502 further provides:

> (b) Except as provided in [other sections], if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount. . . .

11 U.S.C. § 502(b). If a party in interest objects to a claim filed under § 502, the party in interest "must introduce evidence to rebut the claim's presumptive validity." *In re Harford Sands Inc.*, 372

F.3d 637, 640 (4th Cir. 2004) (citing Fed. R. Bankr.P. 9017, Fed.R.Evid. 301). If the party in interest does introduce evidence that rebuts the claim's validity, "the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." *Id.*

Waterside Villages' POC 1 was properly executed and filed, and thus "constitute[s] prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). In response, the Debtor filed a timely objection to the claim. The Debtor introduced evidence objecting to the claims validity, rebutting the claim's presumptive validity, therefore shifting the burden to Waterside Villages to prove the amount and validity of the claim by a preponderance of the evidence. *In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004).

Based on the evidence, the Court disallows the homeowners' association fee dues that would have been due and owing from the Debtors prior to July 2, 2008, when Wachovia foreclosed on VOC, LLC, and subsequent to July 28, 2009, when the Bank of Currituck foreclosed upon the Debtors' lots. Accordingly, the amount due and owing per lot is $2,160.00 for the twenty-six (26) lots. The Objection to Claim is **SUSTAINED**. Waterside Villages is allowed an unsecured claim in the amount of $56,160.00.

**SO ORDERED**.

**END OF DOCUMENT**